UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN LEE ZIOGAS,<br>　　Plaintiff,<br><br>vs.<br><br>FOURTH DISTRICT APPELLATE<br>COURT CLERK, *et al.*,<br>　　Defendants. | Case No. 23-cv-3279 |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files suit under 42 U.S.C. § 1983 alleging violations of his constitutional rights. This cause is before the Court for a merit review of Plaintiff's Complaint. (Doc. 1). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

Plaintiff files suit against the Fourth District Appellate Court Clerk, Justices Craig DeArmond, Thomas Harris, and Robert Steigmann, Appellate Defender Karl Mundt, Assistant State's Attorney Derek Dion, Judge Ryan Cadigan, and Detective Brian Henson.

Plaintiff's Complaint is largely unclear. From what the Court can discern, Plaintiff alleges he was taken into custody by Springfield police on September 29, 2016. At the police station,

1

Plaintiff was questioned by Defendant Detective Henson. Plaintiff alleges he asked for an attorney, but Defendant Henson continued the interview and did not release Plaintiff.

Plaintiff claims Defendant Judge Cadigan "handed down an illegal sentence on 5/10/2019." (Doc. 1 at p. 11). Plaintiff alleges he received a lengthier sentence because Defendant Dion sought consecutive sentences instead of concurrent sentences.

Plaintiff claims his appellate counsel, Defendant Mundt, was ineffective. Plaintiff cannot sue Defendant Mundt under § 1983 because he was not acting under color of state law in exercising his professional judgment in a criminal proceeding. *Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981); *see also Srivastava v. Newman*, 12 F. App'x 369, 373 (7th Cir. 2001).

Plaintiff alleges Defendants Justices DeArmond, Harris, and Steigmann "most likely reviewed [his] case … and chose to disregard [his] constitutional rights." *Id.* at p. 8. The Court cannot discern any federal claim from Plaintiff's allegations. Even if a federal claim could be stated, Justices DeArmond, Harris, and Steigmann, Judge Cadigan, and Assistant State's Attorney Dion are immune from this lawsuit. *Srivastava v. Newman*, 12 F. App'x 369, 373 (7th Cir. 2001) (citing *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1015 (7th Cir. 2000)).

Plaintiff alleges that Defendant Fourth District Appellate Court Clerk violated his constitutional rights because Defendant did not forward his motion to the appellate court. Plaintiff does not indicate when this occurred or what harm he experienced as a result.

Plaintiff does not specifically ask for release, but his allegations necessarily challenge the basis for his arrest and incarceration. Those challenges must first be pursued in Plaintiff's criminal cases, direct appeals in the criminal cases, and by filing of a habeas petition, after the exhaustion of any applicable remedies. Plaintiff may not pursue a § 1983 claim for damages, the success of which would imply the invalidity of a criminal conviction or sentence, unless that conviction or

sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (*Heck* applies to federal prisoners challenging duration of confinement).

Plaintiff's Complaint is dismissed without prejudice as barred by *Heck* and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff one opportunity to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint must stand complete on its own and must not refer to his previous Complaint. If Plaintiff fails to file a timely Amended Complaint, his case will be dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as barred by *Heck* and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff one opportunity to file an Amended Complaint within 30 days of this Order. Failure to file a timely Amended Complaint will result in the dismissal of this case. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2. The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.

3. Plaintiff's Motion to Request Counsel [5] is DENIED with leave to renew if Plaintiff files an Amended Complaint.

4. Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: 2/7/2024

s/ James E. Shadid
James E. Shadid
U.S. District Court Judge