## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BENJAMIN LEE ZIOGAS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23-cv-3279** |
| | ) | |
| **FOURTH DISTRICT APPELLATE** | ) | |
| **COURT CLERK,** *et al.*, | ) | |
| **Defendants.** | ) | |

### MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files suit under 42 U.S.C. § 1983 alleging violations of his constitutional rights. This cause is before the Court for a merit review of Plaintiff's Amended Complaint. (Doc. 10). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Amended Complaint, and through such process, to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Amended Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

### ALLEGATIONS

Plaintiff files suit against the Fourth District Appellate Court Clerk's Office, the Fourth District Appellate Court, the Springfield Police Department, Springfield Police Detective Brian Henson, and the Seventh District Circuit Court. (Doc. 10 at p. 3).

1

Plaintiff's Amended Complaint, which consists of sixty-one pages, includes a nineteen-page handwritten narrative and numerous exhibits. It is difficult to decipher Plaintiff's allegations. He lists multiple locations where his alleged claims occurred and several dates ranging from September 29, 2016, to July 25, 2023.

From what the Court can discern, Plaintiff alleges he was taken into custody by Springfield police on September 29, 2016. At the Springfield Police Department, Plaintiff was questioned by Defendant Detective Henson. Plaintiff alleges he asked for an attorney, but Defendant Henson continued the interview and did not release Plaintiff.

Criminal charges were filed against Plaintiff. He alleges that he did not receive a fair trial. He also alleges his counsel was ineffective and misled him into accepting a plea, which resulted in an illegal sentence.

It appears that Plaintiff attempted to appeal his sentence but was unsuccessful. Plaintiff alleges that Defendant Fourth District Appellate Court Clerk's Office violated his due process rights on July 25, 2023, by not forwarding an exhibit for his motion to the court. *Id.* at p. 14. Plaintiff states that the appellate court's order should be reversed, and the case should be remanded for resentencing. *Id.* at p. 25.

## ANALYSIS

Plaintiff does not specifically ask for release, but his allegations necessarily challenge the basis for his arrest and sentence. As the Court stated in its prior Merit Review Order, these challenges must first be pursued in Plaintiff's criminal cases, direct appeals in the criminal cases, and by filing of a habeas petition, after the exhaustion of any applicable remedies. (Doc. 6). Plaintiff may not pursue a § 1983 claim for damages, the success of which would imply the invalidity of a criminal conviction or sentence, unless that conviction or sentence has been

invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (*Heck* applies to federal prisoners challenging duration of confinement). It does not appear that Plaintiff's conviction or sentence has been invalidated.

In addition, Federal Rule of Civil Procedure 8 states complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." *Id.* at (d)(1). Plaintiff's Amended Complaint does not meet this requirement.

Plaintiff's Amended Complaint is dismissed without prejudice as barred by *Heck*, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A, and as a violation of Federal Rule of Civil Procedure 8. The dismissal is without prejudice to allow Plaintiff to pursue any available remedies in state court. *See Morgan v. Schott*, 914 F.3d 1115, 1112 (7th Cir. 2019) (*Heck*-barred claims must be dismissed without prejudice due to the possibility of future state-court proceedings). The Court finds that any further amendment would be futile as Plaintiff had multiple opportunities to allege a cognizable claim and failed to do so.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as barred by *Heck*, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A, and as a violation of Fed. R. Civ. P. 8. Any further amendment would be futile. This case is therefore closed. The Clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **Plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior Order. (d/e 9/18/2023).**

3) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir.**

**1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:  4/8/2024

s/ James E. Shadid
James E. Shadid
United States District Judge